IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.    Case No. 2015-cv-76-bbc

LINDSI E. HAGEN, NATIONAL
COLLEGIATE STUDENT LOAN
TRUST 2006-2, NATIONAL COLLEGIATE
STUDENTLOAN TRUST 2007-2,
NATIONAL COLLEGIATE STUDENT
LOAN TRUST 2005-1, PRESTON SALES
& SERVICE, and MILE BLUFF CLINIC,
LLP,

    Defendants.

## JUDGMENT OF FORECLOSURE AND SALE

The Defendants, Lindsi E. Hagen, National Collegiate Student Loan Trust 2006-2, National Collegiate Student Loan Trust 2007-2, National Collegiate Student Loan Trust 2005-1, Preston Sales & Service, and Mile Bluff Clinic, LLP, having failed to appear, plead, or otherwise defend in this action, and default having been entered on May 6, 2015, and counsel for Plaintiff United States of America having requested judgment against the defaulted Defendants and having filed a proper motion and declarations in accordance with Fed. R. Civ. P. 55(a) and (b);

Judgment is hereby entered in favor of Plaintiff and against Defendants as follows:

1. There is now due and owing to Plaintiff as of and including the 17th day of June, 2015, the following sum: *See* Attachment A.

2. Plaintiff is entitled to Judgment of Foreclosure and Sale in the usual form on the mortgaged premises, located in Juneau County, Wisconsin, and described more specifically as:

> A part of the West One-Half of the Northwest Quarter (W1/2-NW1/4) of Section Twenty-Seven (27), Township Fifteen (15) North, Range Three (3) East, Town of Lindina, Juneau County, Wisconsin; Commencing at the Northwest corner of said Section Twenty-Seven (27); thence along a line bearing South 38°39'30" East, 524.13 feet to a point in the centerline of a town road known as Cheese Factory Road, being the point of beginning; thence along the centerline of Cheese Factory Road bearing South 37°48'00" East, 399.04 feet; thence continued along the centerline of Cheese Factory Road now bearing South 38°08'20" East, 195.71 feet; thence continued along the centerline of Cheese Factory Road on a variable radius curve to the left, its chord bearing South 48°57'45" East, 297.38 feet; thence continued along the centerline of Cheese Factory Road now bearing South 57°20'40" East, 504.21 feet, to a point in the centerline of County Highway "G"; thence along the centerline of County Highway "G" on a variable radius curve to the left, its chord bearing South 67°40'00" West, 132.13 feet; thence along a line bearing North 63°28'50" West, 553.52 feet; thence bearing South 66°33'55" West, 176.96 feet; thence bearing South 74°05'20" West, 255.26 feet; thence bearing South 47°02'00" West, 27.48 feet; thence bearing North 01°59'10" East, 899.31 feet, to the point of beginning; EXCEPT Lot One (1) of Certified Survey Map No. 3653 recorded in Volume 16 of Surveys, Page 38 as Document No 649523, in the Northwest Quarter of the Northwest Quarter (NW-NW) and part of the Southwest Quarter of the Northwest Quarter (SW-NW) of Section Twenty-Seven (27), Township Fifteen (15) North, Range Three (3) East, Town of Lindina, Juneau County, Wisconsin.

2

3. The mortgaged premises shall be sold as a whole at public auction in the County of Juneau, State of Wisconsin, by or under the direction of the United States Marshal for the Western District of Wisconsin.

4. The Defendants, their heirs, successors and assigns, and all persons claiming under them or either of them after the filing of notice of the pendency of this action, be forever barred and foreclosed of all right, title, interest, and equity of redemption in said mortgaged premises.

5. In case of sale pursuant hereto:

a) the United States Marshal shall give public notice of the time and place of the sale as required by law, and that notice of the sale be published in The Juneau County Star Times, a newspaper published in the City of Mauston, Juneau County, Wisconsin;

b) the United States Marshal shall allow any of the parties to this action to purchase at the sale the above-described premises;

c) the United States Marshal shall file with the Clerk of this Court his report of the sale, and shall also immediately after the sale deposit the proceeds thereof, after deducting the costs and expenses of the sale unless otherwise ordered by the Court;

d) the United States Marshal may accept from the purchaser at such sale, as a deposit or down payment upon the same, not less than ten percent (10%) of the purchase price, in which case such amount shall be deposited as above provided, and the balance of the sale price shall be paid to the United

States Marshals' Service by the purchaser at the sale, upon confirmation thereof, except that if Plaintiff is the successful bidder at the sale, the United States Marshal may take the receipt of Plaintiff in lieu of cash payment;

e) the United Marshal, upon compliance on the part of the purchaser with the terms of the sale as required by law, shall make and execute to the purchaser a deed to the premises so sold, as above described, stating the price paid therefor;

f) the United States Marshal shall deliver the deed to the purchaser, upon compliance by the purchaser with the terms of the sale, and the payment by him of any balance of the sale price to be paid;

g) the United States Marshal shall thereupon pay from the proceeds of the sale all claims superior to Plaintiff as determined by the Court, and to Plaintiff, the amount of said judgment, together with interest from the date of judgment on all of said sums, as set forth in 28 U.S.C. § 1961(a), from the date hereof, or so much thereof as the monies derived from the sale of the premises will pay the same, and take receipts therefor; and

h) the surplus money, if any, shall be subject to the further order of the Court.

6. If the proceeds of such sale be insufficient to pay the amounts aforesaid, the United States Marshal shall specify the amount of the deficiency in his report of sale. Deficiency judgment is not being sought herein.

7. Upon confirmation of sale of the mortgaged premises:

4

a)   the purchaser or purchasers, or his or their heirs, representatives or assigns, be let into possession of the premises sold, upon production of the Marshal's deed thereto or duly authenticated copy thereof;

b)   any of the parties to this action who may be in possession of the premises, and every other person who since the filing of notice of the pendency of this action has come into possession of the same or any part thereof under them or either of them shall deliver to such grantee or grantees named in the deed possession of the mortgaged premises, and

c)   a writ of assistance shall issue if necessary to secure such possession.

8.   Plaintiff may pay any taxes or insurance premiums on the mortgaged premises now due or which shall hereafter become due before the sale thereof and have a lien on the premises for the amount so paid with interest as set forth in 28 U.S.C. § 1961(a); and that in the event any such payments are made, Plaintiff may obtain an order at the foot of this judgment directing that the amounts so paid, with interest, be likewise paid from the proceeds of the sale or redemption of the mortgaged premises.

9.   Defendants and all persons claiming under them be and they are hereby enjoined from committing waste upon the mortgaged premises and from doing any other act that may impair the value of the same.

Dated this 17th day of June, 2015.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
United States District Judge
Western District of Wisconsin

Entered at Madison, Wisconsin, this 17th day of June, 2015.

*Peter Oppeneer*

PETER OPPENEER
Clerk of Court
United States District Court

6

*United States v. Lindsi E. Hagen, et al.*

Case No. 15-cv-76-bbc

ATTACHMENT A

Notes and Mortgages

| | | |
|---|---|---|
| a. | Principal as of June 17, 2015 | $ 214,490.67 |
| b. | Interest as of June 17, 2015 | $ 63,482.89 |
| | Total as of June 17, 2015 | $ 277,973.56 |

Costs and Disbursements

| | | |
|---|---|---|
| c. | Filing of Notice of Lis Pendens | $ 30.00 |
| | Total Costs & Disbursements | $ 30.00 |

**TOTAL AS OF JUNE 17, 2015**          $ 278,003.56